Filed 2/28/14  P. v. Timmons CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059371 |
| v. | (Super.Ct.No. RIF1300833) |
| WILLIAM TIMMONS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.
Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

**INTRODUCTION**

On February 6, 2013, a felony complaint charged defendant and appellant William

Timmons, Jr., with possession of methamphetamine under Health and Safety Code section

1

11377, subdivision (a) (count 1); being under the influence of a controlled substance, a misdemeanor, under Health and Safety Code section 11550, subdivision (a) (count 2); obstructing a police officer, a misdemeanor, under Penal Code section 148, subdivision (a)(1) (count 3); and battery on a peace officer, a misdemeanor, under Penal Code section 243, subdivision (b) (count 4). The complaint also alleged two prior strike convictions under Penal Code sections 667, subdivisions (c) and (e)(2)(A), and 1170.12, subdivision (c)(2)(A).

On June 17, 2013, defendant pled guilty to counts 1 and 3, and admitted as true a strike prior conviction, in exchange for a 32-month prison term as to count 1 (the low term doubled under the three strikes law). That same day, the trial court sentenced defendant to the agreed-upon term of 32 months. As to count 3, the trial court imposed a one-year term to run concurrently with the sentence imposed in count 1. The trial court also imposed a restitution fine in the amount of $280 and imposed but stayed a parole revocation fine in the same amount under Penal Code sections 1202.4, subdivision (b)(1), and 1202.45. In addition, the court awarded defendant 268 days of presentence credit under Penal Code section 4019.

On August 8, 2013, defendant filed a timely notice of appeal "based on the sentence or other matters occurring after the plea."

## STATEMENT OF FACTS

On February 4, 2013, defendant resisted a police officer and also possessed methamphetamine.[1]

---

[1] The facts are derived from the reporter's transcript of defendant's plea and the complaint since defendant, in pleading guilty, waived his right to a presentence report and sought immediate sentencing.

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

KING
J.

3